**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 12, 2024

David N. Rutt
Moore & Rutt, P.A.
122 W. Market Street
Georgetown, DE 19947

Damien Nicholas Tancredi
Flaster Greenberg P.C.
1007 N. Orange Street, Suite 400
Wilmington, DE 19801

> Re: *Kimberly S. Fischer v. Tina Renee Rambo*
> C.A. No. 2022-1159-SEM

Dear Counsel:

This letter opinion resolves the plaintiff's exceptions to the Magistrate's final report recommending that the court deny the plaintiff's motion for summary judgment (the "Final Report").[1] Magistrate Selena E. Molina issued the Final Report on May 31, 2024.[2] The plaintiff took exceptions timely, on June 10, 2024.[3] I reassigned this matter to myself for the limited purpose of resolving the plaintiff's exceptions.[4] This court applies *de novo* review to the factual and legal findings of a Magistrate.[5] I have reviewed the plaintiff's motion *de novo* and agree with the Magistrate's well-reasoned Final Report.

---

[1] C.A. No. 2022-1159-SEM Docket ("Dkt.") 46.

[2] Dkt. 45.

[3] Dkt. 46.

[4] Dkt. 47.

[5] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

"There is no right to a summary judgment."[6] "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances."[7] "When an ultimate fact to be determined is one of motive, intention or other subjective matter, summary judgment is ordinarily inappropriate."[8] The court may "decline to decide the merits of the case in a summary adjudication where it is not reasonably certain that there is no triable issue."[9]

Like Magistrate Judge Molina, I decline to decide the merits of the case on summary judgment. There are many moving parts in this litigation. The defendant has been granted leave to amend her answer. Legal issues, such as standing, the merit of the defenses, and any preclusive effect from the first action, could benefit

---

[6] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (internal quotation marks omitted) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)).

[7] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995) (citations omitted); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application." (citations omitted)).

[8] *Cont'l Oil Co. v. Pauley Petroleum, Inc.*, 251 A.2d 824, 826 (Del. 1969) (citations omitted); *see also Amirsaleh v. Bd. of Trade of City of N.Y., Inc.*, 2009 WL 3756700, at *4 (Del. Ch. Nov. 9, 2009) ("Where intent or state of mind is material to the claim at issue . . .summary judgment is not appropriate." (citation omitted)).

[9] *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. 2021) (internal quotation marks omitted) (quoting *Parexel Int'l (IRL) Ltd. v. Xyomic Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Ct. Sept. 1, 2020)) (interpreting parallel rule of the Delaware Superior Court).

from further briefing.  The factual issues in play require, or at least would benefit

from, further factual discovery.

The exceptions are overruled, and the case is reassigned back to Magistrate

Molina for all purposes.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor


cc:     All counsel of record (by *File & ServeXpress*)